UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL M.,<br><br>                    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No.:   3:20-cv-1021-AHG<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT WITH LEAVE TO AMEND, and**<br><br>**(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

Plaintiff Daniel M. ("Plaintiff") brings this action against the Commissioner of Social Security, Andrew Saul, seeking judicial review of the Commissioner's final administrative decision denying his application for Social Security Supplemental Security Income Disability Benefits for lack of disability. ECF No. 1. Along with his Complaint, Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF No. 2. After due consideration and for the reasons set forth below, the Court **DISMISSES** Plaintiff's complaint with leave to amend, if amended within 28 days of the date of this Order, and **DENIES as moot** Plaintiff's motion to proceed IFP without prejudice.

## I.   LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Section 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See id.* ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Second, the Court must determine whether an applicant properly shows an inability to pay the $400 civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a).

## II.   DISCUSSION

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening

requirement. *See Hoagland v. Astrue*, No. 12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits [under 42 U.S.C. 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez*, 203 F.3d at 1129.

Rule 8 sets forth the federal pleading standard used to determine whether a complaint states a claim upon which relief may be granted. FED. R. CIV. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("[A] complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "detailed factual allegations" are not required, but a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to justify relief). A proper pleading "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted) (referring to FED. R. CIV. P. 8). When a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face," the Court must either dismiss a portion, or the entirety of the complaint. *Twombly*, 550 U.S. at 547; *Hoagland*, 2012 WL 2521753, at *1.

For example, in social security cases, "[t]he plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the ALJ's determination and must make a showing that he is entitled to relief, 'in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e).'" *Jaime B. v. Saul*, No. 19cv2431-JLB, 2020 WL 1169671, at *2 (S.D. Cal. Mar. 10, 2020) (quoting *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015)). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The

purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (dismissing conclusory complaint in IFP screening process for failure to state a plausible claim for relief due to insufficient factual allegations).

Here, Plaintiff contends that a reversal of Defendant's decision is warranted because "[t]here is new and material evidence that relates to the period of disability" and because "[t]he conclusions and findings of fact of the defendant are not supported by substantial evidence and are contrary to law and regulation." ECF No. 1 at 2. However, Plaintiff does not explain what this new evidence is, how the evidence is material or relates to the period of disability, or how the new evidence has a reasonable probability of changing the outcome of the Commissioner's decision. Plaintiff also does not explain how the conclusions and findings of fact of the Defendant are not supported by substantial evidence or how these conclusions and findings are contrary to law and regulation. These boilerplate allegations are precisely the type of conclusory statements that fail to satisfy the federal pleading standard. *Graves*, 2015 WL 357121, at *2 ("a social security complaint that merely parrots the standards used in reversing or remanding a case is not sufficient to withstand a screening pursuant to Section 1915(e)"); s*ee, e.g.*, *Jaime B.*, 2020 WL 1169671, at *2 (dismissing complaint pursuant to IFP screening because the plaintiff made boilerplate allegations that a reversal or remand was warranted because "the denial of [Plaintiff's] disability claim is not supported by substantial evidence under the standards set forth by 42 U.S.C. § 405(g) . . ."); *Maryanne M. v. Saul*, No. 19cv2008-AHG, 2019 WL 5894711, at *2 (S.D. Cal. Nov. 12, 2019) (same); *Graves*, 2015 WL 357121, at *2 (dismissing complaint pursuant to IFP screening because "Plaintiff alleges merely that the Commissioner's decision to deny her benefits was wrong without any indication as to why it was wrong other than a recitation of the general standards that govern this Court's review of that decision").

Because Plaintiff's Complaint fails to state a claim, the Court **DISMISSES** Plaintiff's complaint pursuant to § 1915(e)(2)(B)(ii). However, Plaintiff shall have 28 days

to file an amended complaint that cures the deficiencies discussed herein.

## III.  CONCLUSION

For the reasons state above, the Court **DISMISSES** Plaintiff's complaint with leave to amend. Plaintiff must file his first amended complaint by **July 27, 2020**.

Since it has dismissed Plaintiff's complaint, the Court **DENIES as moot** Plaintiff's motion to proceed IFP, without prejudice. **If Plaintiff files an amended complaint, he must also refile his request to proceed IFP at that time. If Plaintiff files a renewed motion to proceed IFP, the Court cautions Plaintiff that he must include further details in his motion.**[1]

**IT IS SO ORDERED.**

Dated:  June 29, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] Here, Plaintiff's affidavit states that he has no income. ECF No. 2 at 1–2, 5. However, questions on this affidavit regarding Plaintiff's employment history, bank accounts, assets, accounts receivable, and expenses are left blank. *Id.* at 2–-5. An applicant need not be completely destitute to proceed IFP, but they must adequately prove their indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should state supporting facts "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). Courts have discretion to make a factual inquiry and to deny a motion to proceed IFP when the moving party is "unable, or unwilling, to verify their poverty." *McQuade*, 647 F.2d at 940.